UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                    CIVIL ACTION

VERSUS                                          NO. 13-0134

ROBERT C. TANNER, ET AL.                   SECTION "N"(4)

## ORDER AND REASONS

Plaintiff, Andrew David Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center. He is a frequent filer of frivolous lawsuits in the federal courts.

Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against Rayburn Warden Robert C. Tanner, and listed additional defendant officials from Rayburn Correctional Center, including Keith Bickham, Michael Harrell, Darryl Mizell, Bryan Williams, and Chancey Ulvick. His claims against these defendants stem from sexual assaults, and a failure to protect him from the assaults, which are alleged to have occurred while he was incarcerated in Rayburn Correctional Center. These incidents were

the subject of another lawsuit in this court. *Andrew Wetzel v. Robert Tanner, et al.*, Civil Action No. 12-1550 "A"(2).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that plaintiff has filed over 30 civil lawsuits in this court. At least four of his prior civil complaints, filed while plaintiff was incarcerated, were dismissed as frivolous and/or for failure to state a claim. These include, but are not limited to, the following: *Andrew David Wetzel v. Slidell Police Department, et al.*, Civil Action No. 09-0014 "J"(3); *Andrew David Wetzel v. St. Tammany Parish Jail, et al.*, Civil Action No. 09-0025 "A"(5); *Andrew D. Wetzel v. Hammond Police Department, et al.*, Civil Action No. 09-0128 "D"(4); *Andrew David Wetzel v. Rodney J. Strain, Jr., et al.*, Civil Action No. 09-7048 "A"(1). Wetzel has previously been barred on numerous

occasions from proceeding with his civil complaints as a pauper in this court pursuant to 28 U.S.C. §1915(g). *See e.g.*, *Andrew D. Wetzel v. Thomas McNulty, et al.*, Civil Action No. 10-4014 "J"(4); *Andrew D. Wetzel v. Kevin Swann, et al.*, Civil Action No. 10-4012 "C"(1); *Andrew D. Wetzel v. Robert F. Chadwick, III, et al.*, Civil Action No. 10-4013 "I"(5); *Andrew David Wetzel v. Jack Strain, Jr., et al.*, Civil Action No. 10-3587 "B"(3). Despite the three strikes bar against further civil filings by Wetzel, however, the Court allowed him to proceed with C.A. 12-1550 "A"(2), given that he asserted facts sufficient to establish imminent danger of serious physical injury at the time of filing.

Although Wetzel attempts to avoid the bar again in this case by asserting that he is in imminent danger of serious physical injury, his circumstances have changed since his last filing, and he cannot show facts to support this assertion. In September 2012, Wetzel was transferred to David Wade Correctional Center, where he has reported no similar threats or incidents to his physical safety. Imminent danger refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." *See e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986).

In this case, Wetzel does not establish specific facts that support his allegation regarding imminent danger of serious physical injury. Past incidents of harm which occurred at a different facility from where he is currently incarcerated do not show that he was in imminent danger at the time he filed this complaint. *See Banos v. O'Guin*, 144

F.3d 883 (5th Cir. 1998); *Cloud v. Stotts*, 455 Fed.Appx. 534 (5th Cir. 2011). Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

    **IT IS ORDERED** that Andrew David Wetzel's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

    New Orleans, Louisiana, this 29th day of January, 2013.

    **KAREN WELLS ROBY**
    **UNITED STATES MAGISTRATE JUDGE**